IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DEVONTE KING,<br><br>Plaintiff,<br><br>vs.<br><br>KENT D. TURNBULL,<br><br>Defendant. | 4:21CV3003<br><br>**MEMORANDUM AND ORDER** |

Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. (Filing 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) (requiring the court to dismiss actions filed in forma pauperis if they are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief).

## I.  SUMMARY OF COMPLAINT

Plaintiff sues Defendant Kent Turnbull, a judge in the county court of Lincoln County, Nebraska, in his individual capacity under 42 U.S.C. § 1983, requesting $75,000 in damages. Plaintiff purports to bring First, Sixth, and Fourteenth Amendment claims against Judge Turnbull after he found Plaintiff guilty in Lincoln County Court of driving without an operator's license in violation of Neb. Rev. Stat. § 60-484 and making an improper turn in violation of Neb. Rev. Stat. § 60-6,159. Plaintiff was sentenced to pay a $100.00 fine and $49.00 in court costs. (Filing 1 at CM/ECF p. 11.) Plaintiff alleges that he is "not paying" because he has "the right to travel or operate [his] car without a License" (*id*. at p. 9); the right to operate a vehicle is a fundamental right (*id*. at p. 12); no state witnesses appeared in court "to verify any statement" (*id*. at p. 7); "[a] statute is not a law" (*id*. at p. 20); and no state

rules, regulations, codes, statues, or acts apply to him and instead are applicable to government authorities only (*id.*).

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

The premise of Plaintiff's Complaint is that the Nebraska statute requiring an operator's license in order to drive a vehicle does not apply to him—commonly known as a "sovereign citizen" claim based on the idea that statutes and laws do not apply him as a sovereign citizen. Sovereign-citizen claims have repeatedly been

rejected as frivolous. *See United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (referring to the sovereign-citizen argument as "completely without merit, patently frivolous and . . . rejected without expending any more of this Court's resources"); *United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (rejecting "sovereign citizen" as a status); *Hansen v. Nebraska*, No. 8:20CV203, 2020 WL 3100101, at *2 (D. Neb. June 11, 2020) (premise of plaintiff's claims that he is not subject to state law or authority has been repeatedly rejected as frivolous; collecting cases); *Meyer v. Pfeifle*, No. 4:18-CV-04048, 2019 WL 1209776, at *5 (D.S.D. Mar. 14, 2019), *aff'd,* 790 F. App'x 843 (8th Cir. 2020) "[the plaintiff's] allegations regarding rights as a 'sovereign citizen' are frivolous and fail to state a claim"); *Yisrael-Bey v. O'Toole*, No. 4:17-CV-2631, 2018 WL 10425462, at *1 (E.D. Mo. Feb. 5, 2018) (plaintiff's Fourth Amendment false arrest and false imprisonment claims were frivolous when plaintiff claimed that neither state nor federal government had ability to bring criminal charges against her; "Arguments based on the 'sovereign citizen' or 'private citizen' movement cannot establish subject matter jurisdiction in this action under the Fourth Amendment."). Therefore, Plaintiff's claims will be dismissed as frivolous.

Further, Plaintiff's claims against Judge Turnbull in his individual capacity are barred by judicial immunity. A judge is immune from suit, including suits brought under section 1983 to recover for alleged deprivation of civil rights, in all but two narrow sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (internal quotation and citations omitted). An act is judicial if "it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Id.* (internal quotation and citations omitted).

Here, although Plaintiff alleges that Judge Turnbull acted in violation of Plaintiff's constitutional rights, he fails to allege that Judge Turnbull acted outside the scope of his duties as a member of the Nebraska judiciary. Indeed, Nebraska law

3

provides that Judge Turnbull had jurisdiction "in any criminal matter classified as a misdemeanor or for any infraction." Neb. Rev. Stat. § 24-517(6) (Westlaw 2021). Plaintiff's Complaint indicates that Judge Turnbull held a hearing on Plaintiff's traffic infractions, arraigned him, found him guilty, and pronounced sentence after allocution, all of which are acts normally performed by a judge. By appearing before Judge Turnbull in the hearing, Plaintiff was clearly dealing with him in his judicial capacity. Accordingly, Defendant Turnbull has judicial immunity from suit.

IT IS ORDERED:

1. Plaintiff's claims against Defendant are dismissed without prejudice as frivolous and because Defendant has judicial immunity from suit.

2. Judgment shall be entered by separate document.

DATED this 7th day of April, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

4